**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1122
_____

L.Y. individually and on behalf of J.Y.;
ELYSIAN CHARTER SCHOOL OF HOBOKEN

Appellants

v.

BAYONNE BOARD OF EDUCATION; ROCHELLE HENDRICKS, Interm
Commissioner of Education for the State of New Jersey, in her official capacity;
THE NEW JERSEY DEPARTMENT OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 2-10-cv-05698)
District Judges:  Honorable Stanley R. Chesler; Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2013

Before:  FUENTES, GREENBERG, and BARRY, *Circuit Judges*.

(Opinion Filed: November 7, 2013)

_____

OPINION
_____

FUENTES, *Circuit Judge*:

        Appellants L.Y., on behalf of her son J.Y., and Elysian Charter School ("Elysian")

appeal District Court decisions issued by Judges Stanley R. Chesler and Claire C.

Cecchi.[1] In particular, L.Y. and Elysian seek the reversal of (1) Judge Chesler's order granting the Interim Commissioner of Education for the State of New Jersey and the New Jersey Department of Education's (collectively "State Defendants") motion to dismiss, and (2) Judge Cecchi's order granting the Bayonne Board of Education's ("Bayonne") motion for summary judgment. For the following reasons, we will affirm the District Court's orders.

## I.

The claims at issue in this case arise under the Individual with Disabilities Act (the "IDEA"), 42 U.S.C. § 1400, *et seq.*, and concern a dispute over the 2009-2010 Individualized Education Program ("IEP") developed for J.Y., a seventeen-year-old boy who resides in Bayonne, New Jersey. He has attended Elysian since 2002. Elysian classified J.Y. as a student with learning disabilities requiring special instruction and formulated IEPs for J.Y. on an annual basis. In April 2009, when J.Y. was in sixth grade, Elysian advised L.Y. that it no longer could meet J.Y.'s needs. Accordingly, Elysian developed an IEP proposing that J.Y. be placed at the Community School for the 2009-2010 school year. The Community School is a private school for the educationally disabled located outside the Bayonne School District.

On June 9, 2009, L.Y. approved Elysian's IEP. Elysian notified Bayonne of its intent to place J.Y. in a private, out-of-district school for the 2009-2010 school year. On July 28, 2009, Bayonne exercised its statutory right under N.J.S.A. 18A:36A-11(b) to

---

[1] According to the record, an Order of Reassignment was entered on June 30, 2011, transferring the case from Judge Chesler to Judge Cecchi.

contest J.Y.'s placement and filed a due process petition with the Department of Education. During the due process hearing, Administrative Law Judge Joseph Paone directed Bayonne to propose a new IEP for J.Y. After Bayonne prepared this IEP, the hearing continued before Administrative Law Judge Ellen S. Bass ("the ALJ"), who conducted eight days of hearings.

The ALJ granted Bayonne's petition and found that Bayonne could offer J.Y. a free appropriate public education ("FAPE") under the IDEA in its in-district program. In a thorough and well-reasoned opinion, the ALJ made significant factual findings, the majority of which were based on the credibility of witness testimony. In pertinent part, the ALJ found that Bayonne's proposed program addressed "J.Y.'s social and emotional needs by offering him counseling and speech and language therapy designed to improve his pragmatic language, a skill needed to allow him to engage in successful social interactions." App. 575. Additionally, the ALJ ruled that, although the Community School would meet J.Y.'s educational needs, it would offer a "more restrictive environment than that offered in Bayonne." App. 572. Accordingly, the ALJ ordered Bayonne to make an appropriate in-district educational program available to J.Y.

L.Y. and Elysian appealed the ALJ's decision to the United States District Court for the District of New Jersey. Naming the New Jersey Department of Education and its Interim Commissioner as defendants, L.Y. and Elysian argued that the State Defendants violated IDEA provisions by asserting their statutory right under N.J.S.A. 18A:36A-11(b) to contest J.Y.'s IEP. Specifically, L.Y. and Elysian argued that N.J.S.A. 18A:36A-11(b) conflicted with the IDEA and violated the Supremacy Clause of the United States

3

Constitution because it allowed a school district, which was not a member of the IEP team, to unilaterally prevent the implementation of an IEP. The State Defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). Judge Chesler granted the State Defendants' motion to dismiss, holding that N.J.S.A. 18A:36A-11(b) does not conflict with the IDEA and is constitutional.

Bayonne subsequently filed a motion for summary judgment to which L.Y. and Elysian responded by filing a cross-motion for summary judgment. Judge Cecchi affirmed the ALJ's decision, thus granting Bayonne's motion for summary judgment and denying L.Y. and Elysian's cross-motion. On January 10, 2013, L.Y. and Elysian filed a Notice of Appeal.[2]

## II.

L.Y. and Elysian argue that Bayonne violated IDEA procedural safeguards by challenging J.Y.'s IEP. In particular, L.Y. and Elysian argue that Bayonne violated: (1) L.Y.'s procedural right to prior notice before any changes to J.Y.'s IEP; (2) L.Y.'s right to a detailed program description; (3) L.Y.'s right to participate in the program decision making process; and (4) L.Y.'s right to have the IEP team members serve as the exclusive decision makers.

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise *de novo* review of the District Court's dismissal for failure to state a claim and grant of summary judgment. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011). "[T]he issue of whether an IEP is appropriate is a question of fact." *P.P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 735 (3d Cir. 2009) (citation omitted). We review the District Court's factual findings for clear error. *Id.* In considering an IDEA claim, the District Court makes it own findings under a "modified de novo" standard, affording "due weight" to the administrative findings. *Id.* at 734.

4

The ALJ, Judge Chesler, and Judge Cecchi each rejected the contention that Bayonne violated L.Y.'s procedural rights by initiating a due process proceeding. On appeal, Bayonne correctly argues that the IDEA procedural safeguards are not implicated here, where the resident school district, which is not responsible for developing the IEP, merely disputes that the charter school IEP provides a FAPE in the least restrictive educational environment. Moreover, we agree with Judge Cecchi's determination that "Bayonne followed the appropriate procedures in initiating its due process petition. That Bayonne was required to do anything other than filing its due process petition is without support in any statute, regulation or case law." App. 34. Therefore, we affirm the District Court's ruling that Bayonne did not violate L.Y.'s procedural rights under the IDEA.

### III.

L.Y. and Elysian next argue that N.J.S.A. 18A:36A-11(b) violates the United States Constitution and the parental procedural protections set forth in the IDEA. For substantially the same reasons set forth in Judge Chesler's opinion, we hold that N.J.S.A. 18A:36A-11(b) is not preempted by the IDEA and is facially constitutional.

L.Y. and Elysian also argue that N.J.S.A. 18A:36A-11(b) should be deemed unconstitutional as applied here. Because we find that Bayonne did not violate IDEA procedural safeguards by exercising its authority under N.J.S.A. 18A:36A-11(b) to challenge J.Y.'s IEP, we conclude that N.J.S.A. 18A:36A-11(b) is constitutional as applied.

### IV.

5

L.Y. and Elysian next assert that Judge Cecchi's decision should be reversed because Bayonne failed to offer J.Y. a FAPE. After a careful review of the record and the parties' arguments, we discern no error in the District Court's conclusion that Bayonne's proposed program meets the FAPE and mainstreaming requirements set forth in the IDEA. The District Court properly applied a modified *de novo* review of the record and accorded due weight to the ALJ's determination that Bayonne can provide J.Y. a FAPE in a less restrictive environment than that proposed by the charter school IEP. Therefore, we affirm the District Court's FAPE determination and grant of summary judgment in favor of Bayonne.

Finally, L.Y. and Elysian argue that the ALJ's award of compensatory education should be expanded if we do not disturb the ALJ's finding that Bayonne offered J.Y. a FAPE. This issue is moot. The ALJ awarded J.Y. compensatory education for the period from September 1, 2009 through October 16, 2009 "to smooth J.Y.'s transition to his new-school setting." App. 581. Because significant time has transpired since the ALJ's August 25, 2010 decision and J.Y. is now in high school, there is no longer a basis to grant J.Y. additional compensatory education.

**V.**

For the foregoing reasons, we affirm the District Court's orders and deny the request for an expanded compensatory education award.

6